Jon M. Sands
Federal Public Defender
District of Arizona
Michael L. Burke (Arizona Bar No. 013173)
Assistant Federal Public Defender
850 West Adams, Suite 201
Phoenix, Arizona 85007
michael_burke@fd.org
Telephone: (602) 382-2818
Facsimile: (602) 889-3960

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

| | |
|---|---|
| Chad Alan Lee,<br><br>　　Petitioner-Appellant,<br><br>vs.<br><br>Charles L. Ryan, et al.,<br><br>　　Respondents-Appellees. | No. 09-99002<br><br>District Court No.<br>CV 01-2178-PHX-EHC<br>CV 01-2179-PHX-EHC<br>(consolidated)<br><br>Motion for Partial Remand in Light of *Martinez v. Ryan*<br><br>DEATH PENALTY CASE |

On March 20, 2012, the Supreme Court of the United States held in *Martinez v. Ryan*, No. 10-1001, 2012 WL 912950, at *5 (Mar. 20, 2012), that "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." For the reasons explained below, this ruling, which constitutes a significant change in the law concerning the doctrine of cause and prejudice in federal habeas corpus proceedings, applies retroactively to Mr. Lee's federal habeas corpus proceeding and warrants a partial remand of this appeal to the district court to permit Mr. Lee to litigate whether the ineffective assistance of his post-conviction attorney constitutes cause for his failure to exhaust claims of ineffective assistance of trial and appellate counsel alleged in his federal habeas petition.

### A. *Martinez* governs this case.

The Supreme Court granted certiorari in *Martinez* to determine whether there exists a federal constitutional right to the effective assistance of counsel in a first state-court post-conviction proceeding if that proceeding is the first opportunity for the defendant to raise claims of ineffective assistance of counsel at trial. *Martinez*, 2012 WL 912950, at *16 (Scalia, J., dissenting). The Court determined, however, that it need not reach the constitutional question in *Martinez* because the issue could be satisfactorily resolved in that case by creating an exception to the principle of procedural default in federal habeas corpus proceedings that would permit a defendant to allege ineffective assistance of post-conviction counsel as cause for a procedural default of a claim involving ineffective assistance of trial counsel. *See id.* at *5.

Because the new ruling announced in *Martinez* is not a rule of constitutional criminal procedure, no bar exists to its retroactive application to criminal cases, like *Martinez* itself, that were "final" when the decision was announced. *See Reina-Rodriguez v. United States*, 655 F.3d 1182, 1188 (9th Cir. 2011). Accordingly, the Supreme Court's ruling in *Martinez* applies to this Court's adjudication of Mr. Lee's habeas corpus proceeding.

### B. Throughout his federal habeas corpus proceedings, Mr. Lee has asserted that his state post-conviction counsel rendered ineffective assistance.

In his First Amended Petition for Habeas Corpus, filed in March 2003, Mr. Lee alleged that he was both entitled to and denied the constitutional right to the effective assistance of state post-conviction counsel. (*See, e.g.*, ER 105-108, 123 (dismissing as non-cognizable Lee's claim of the denial of effective assistance of post-conviction counsel).) Mr. Lee also alleged that his state post-conviction attorney's ineffectiveness constituted cause for his failure to exhaust the following claims in his first amended petition: Claim 2 (alleging ineffective assistance of trial counsel in failing to investigate and prepare adequate and appropriate mitigation evidence for

the sentencing phases of his two trials); Claim 5 (alleging ineffective assistance of trial counsel in failing either to request that the court strike for cause a juror who did not understand English or for exercising a peremptory strike to remove the juror from the panel); and Claim 6 (alleging ineffective assistance of appellate counsel for failing to raise the juror's inability to comprehend English as an issue on direct appeal). The district court rejected Mr. Lee's argument that his post-conviction counsel's ineffectiveness constituted cause for failing to exhaust these claims. (*See* ER 108-10, 112-13.)

### C. In light of *Martinez*, Mr. Lee is entitled to a remand to the district court to factually develop his allegation that the ineffective assistance of his post-conviction counsel constitutes cause for the procedural default of his claims that his trial and appellate counsel rendered ineffective assistance.

At the time of Mr. Lee's habeas corpus proceedings in the district court, federal law held that the ineffective assistance of post-conviction counsel could not serve as cause for the failure to exhaust in state court a claim of ineffective assistance of trial counsel. *Coleman v. Thompson*, 501 U.S. 722, 755-57 (1991). Because *Coleman* was the governing law at the time his case was before the district court, Mr. Lee was unable to develop his allegation that his post-conviction attorney's ineffective assistance constituted cause for his procedural default of his trial and appellate ineffective-assistance-of-counsel claims, in the manner that *Martinez* now allows. (*See* ER 100, 123 (dismissing claim alleging ineffective assistance of post-conviction counsel and denying request for evidentiary development on issue of post-conviction counsel's ineffectiveness).) As a result, he has not had the opportunity to demonstrate that his post-conviction attorney was in fact ineffective. This Court therefore lacks a developed record upon which it could address the merits of a *Martinez* argument in this case. *See, e.g.*, *Loveland v. Hatcher*, 231 F.3d 640, 644-45 (9th Cir. 2000) (remanding to district court for evidentiary hearing to develop cause and prejudice argument). Accordingly, Mr. Lee respectfully requests that the Court stay this appeal and remand to the district court for further proceedings in light of

3

*Martinez*.

Respectfully submitted this 11th day of April, 2012.

                                Jon M. Sands
                                Federal Public Defender
                                Michael L. Burke
                                Assistant Federal Public Defender

                                By s/Michael L. Burke
                                      Counsel for Petitioner-Appellant

**Certificate of Service**

I hereby certify that on April 11, 2012, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

s/Nancy Rangel
Legal Assistant
Capital Habeas Unit